Mr. Justice Scott delivered the opinion of the Court. The statute in question does not make every possible, malicious or contemptuous disturbance or disquietude of a congregation or private family assembled for religious worship a misdemeanor, although its provisions are very general, and embrace almost every such case that may occur. It is, therefore, necessary that the disturbance proceeded for, which we have said is the gist of the offence, (State vs. Ratliff, 5 Eng. 530,) should be described as well in order that it may be determined whether or not the statutory offence has been charged, as that the accused may know the “nature and cause of the accusation against him.” It is not necessary, however, to describe it in language any more explicit than that used in the statute, (Digest, page 370, sec. 1,) as “by profanely swearing,” or “by using indecent gestures,” or “by threatening language” to some person so assembled, or “by committing violence” upon some said person. All greater particularity of description beyond the general description in the words of the statute, or by words of fully equal import, are properly matters of evidence to establish the distinction charged, and are not necessary matters of averment. (See, as to this principle, Moffatt vs. The State, 6 Eng. 178-9.) The indictment before us falls short of this reasonable and convenient certainty, and is therefore fatally defective in matter of substance. The Circuit Court ruled properly in granting the motion to quash, and its judgment must be affirmed.